IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. _____<br>) INJUNCTIVE RELIEF DEMANDED |
| ST. JOSEPH'S HOSPITAL, INC., | ) |
| Defendant. | ) |

## **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL**

### **NATURE OF THE ACTION**

1. This is an action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA")*,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat. 3553 (2008) (codified as amended in sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Leokadia Bryk ("Charging Party" or "Ms. Bryk"), who was adversely affected by such practices and to correct unlawful practices which deny disabled employees the reasonable accommodation of reassignment to a vacant position for which they were qualified, and which they needed in order to accommodate their respective disabilities without being required to compete for the positions.

2. As is alleged with greater particularity below, Defendant St. Joseph's Hospital, Inc.

("Defendant" or "SJH") discriminated against Ms. Bryk when it failed to provide her with a reasonable accommodation for her actual disability (spinal stenosis) and terminated her employment because of her disability.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida. 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

6. At all relevant times, Defendant St. Joseph's Hospital has continuously been a Florida corporation, doing business in Tampa, Florida and has continuously had at least 15 employees.

7. At all relevant times, Defendant St. Joseph's Hospital has continuously been an

employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

8. At all relevant times, Defendant St. Joseph's Hospital, Inc. a Florida Corporation has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF FACTS

9. More than thirty days prior to the institution of this lawsuit, Leokadia Bryk ("Bryk") filed a charge with the Commission alleging violations of Title I of the ADA by her former employer - Defendant St. Joseph's Hospital, Inc. ("Defendant").  All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least October 2011, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), by failing to provide Ms. Bryk with a reasonable accommodation for her actual disabilities resulting in her discharge and for failing to provide disabled employees with the reasonable accommodation of reassignment to vacant positions for which they were qualified and needed to accommodate their disability, without being required to compete for the positions.

11. Ms. Bryk has spinal stenosis, a physical impairment which substantially limits one or more of her major life activities and bodily functions including, but not limited to, walking and the functioning of her musculoskeletal system.

12. Ms. Bryk is an individual with a disability within the meaning of the ADA who, at all

relevant times, could perform the essential functions of various jobs at St. Joseph's Hospital and/or within the BayCare Health System with or without a reasonable accommodation.

13. Ms. Bryk was employed by Defendant from January 1990 through November 21, 2011 in various nursing positions within the Psychiatric Department.

14. Soon after her employment began, Ms. Bryk became a Charge Nurse in the SJH Psychiatric Department (Clinical Nurse III) and remained in that position until October 21, 2011, when she was demoted and reclassified as a Clinical Nurse II until her termination on November 21, 2011.

15. In 2008, Ms. Bryk was diagnosed with spinal stenosis. In August 2009, Ms. Bryk underwent hip replacement surgery.

16. On October 12, 2009, Ms. Bryk returned to work but continued to experience pain in her back while walking.

17. Ms. Bryk used a cane at home to assist her ambulation and to alleviate the severe pain she felt when walking.

18. Ms. Bryk went to SJH's Employee Health Department, the department that handles employee reasonable accommodation requests, on two occasions in the Fall of 2009 to inquire about policies that might govern an employee's use of a cane at work. Ms. Bryk was not advised of any policy and was not requested to provide medical documentation regarding her use of a cane.

19. In or around October 2009, Ms. Bryk starting using a cane at work on a daily basis and did so without any incident through the time of her termination.

20. On Monday, October 17, 2011, Ms. Bryk attended a meeting with Susan Wright, the Director of Behavior Health Operations, who only recently began overseeing the Psychiatric Department, and Krista Molnar Sykes, a human resources manager.

21. Ms. Wright told Ms. Bryk that she could not locate paperwork permitting Ms. Bryk to use her cane and requested that Ms. Bryk provide a Work Clearance Form from her doctor.

22. On Tuesday, October 18, 2011, Ms. Bryk provided a Work Clearance Form completed by a doctor indicating her need to use the cane.

23. On Friday, October 21, 2011, a nurse in the Employee Health Department told Ms. Bryk that she would no longer be allowed to work in the Psychiatric Department because of her use of the cane.

24. Later that same day, October 21, 2011, Ms. Bryk contacted Ms. Molinar Sykes in an attempt to engage in the interactive process with Defendant regarding alternative accommodations which would allow her to continue to work in the Psychiatric Department.

25. Defendant rebuffed Ms. Bryk's efforts and instead told her that her only option was to attempt to find another position within the BayCare Health System within thirty days.

26. Disabled employees were denied reasonable accommodations in the form of reassignment to vacant positions for which they were qualified and, instead, were forced to use BayCare Health System's competitive application process to compete for positions. Possible reasonable accommodations for Ms. Bryk that could have addressed Defendant's alleged safety concern include, but are not limited to: alternative ambulatory

support devices such as an ultra-lightweight cane, a folding cane or cane with a secure wrist strap; limiting Ms. Bryk's assignment to the General and/or Children's psychiatric units; and/or changing her assignment to the night schedule so she would work when patients were more likely to be sleeping.

27. Between October 21, 2011 and November 21, 2011, Ms. Bryk applied for several advertised vacant positions for which she was qualified including Nurse Care Coordinator, Registered Nurse III, Care Transition Nurse, Registered Nurse, Education Specialist-Staff Development/Education, Home Health Clinician, Claims Investigator I – Risk Management and Care Transition Coordinator.

28. Notwithstanding that Ms. Bryk was advised by the Defendant's computerized application system that she remained "under consideration" for two positions for which she applied, Ms. Bryk was terminated effective November 21, 2011.

## CLAIMS FOR RELIEF

29. Paragraphs 1 through 28 are incorporated herein.

30. Defendant terminated Ms. Bryk on November 21, 2011 because of her disability rather than accommodate her request to use a cane and remain in her position in the Psychiatric Department, failed to engage in the interactive process to determine reasonable alternatives to Ms. Bryk's use of a cane which would have allowed her to continue to work in her position in the Psychiatric Department, and failed to reassign her to a vacant position outside of the Psychiatric Department for which she was qualified.

31. The effect of the practices complained of in paragraphs 9-28 has been to deprive Ms. Bryk, an individual with a disability, of equal employment opportunities and otherwise

adversely affect her status as an employee because of her disability.

32. Since at least October 2011, Defendant St. Joseph's Hospital, Inc. has engaged in unlawful employment practices in violation of Section 102(a) and (b)(5)(A) of the ADA, 42 U.S.C. 12112(a) and (b)(5)(A), as amended. Specifically Defendant SJH has instituted and implemented policies and practices which fail to accommodate individuals with disabilities and which require disabled employees to compete for reassignment into vacant positions for which they are minimally qualified and to which they need transfer in order to accommodate their respective disabilities.

33. The effect of the practices complained of in paragraphs 9, 10, 25-28 has been to deprive SJH's disabled employees, including Ms. Bryk, of equal employment opportunities and otherwise to adversely affect their status as employees because of their respective disabilities.

34. As a direct and proximate result of these violations of her rights under the ADA, Ms. Bryk has suffered damage in the form of past pecuniary losses. In addition, she has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

35. The unlawful employment practices complained of herein were and are intentional.

36. The unlawful employment practices complained of herein were and are done with malice or with reckless indifference to Ms. Bryk's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

      B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Defendant to conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA.

      D.      Order Defendant to make whole Ms. Bryk by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay.

      E.      Order Defendant to make whole Ms. Bryk by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 9-28 including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial.

      F.      Order Defendant to make whole Ms. Bryk by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 9-28, including emotional pain, suffering, inconvenience,

mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

G. Order Defendant to pay Ms. Bryk punitive damages for its malicious and reckless conduct described in paragraphs 9-28, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: October 21, 2013

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel
        JAMES L. LEE
        Deputy General Counsel
        GWENDOLYN Y. REAMS
        Associate General Counsel
        U.S. Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        ROBERT WEISBERG
        Regional Attorney
        KIMBERLY A. McCOY-CRUZ
        Supervisory Trial Attorney

        _____
        ANA CONSUELO MARTINEZ
        Trial Attorney, **TRIAL COUNSEL**
        Bar No. 4935607

        U.S. Equal Employment Opportunity Commission

                                                Miami District Office  
                                                Miami Tower  
                                                100 S.E. 2nd Street, Suite 1500  
                                                Miami, Florida 33131  
                                                Tel: (305) 808-1779  
                                                Fax: (305) 808-1835  
                                                ana.martinez@eeoc.gov  
                                                *Attorney for Plaintiff*