## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                                    Case No: 8:13-cv-2723-T-30TGW

ST. JOSEPH'S HOSPITAL, INC.,

      Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Renewed Motion for Judgment as a Matter of Law (Dkt. #183), Plaintiff EEOC's Rule 59 Motion for Alteration of Judgment and Equitable Relief (Dkt. #184), Defendant's Responses to the Motions (Dkts. #189,190 & 192), and the EEOC's Reply to Defendant's Response to EEOC's Rule 59 Motion (Dkt. #195). Upon review and consideration, it is the Court's conclusion that the Renewed Motion for Judgment as a Matter of Law should be denied, and the Rule 59 Motion for Alteration of Judgment and Equitable Relief should be granted in part.

### *Background*

### I.    Facts Presented at Trial

The Equal Employment Opportunity Commission ("EEOC") brought this case on behalf of the Charging Party, Leokadia Bryk ("Bryk"), alleging violation of the Americans

with Disabilities Act, as amended ("ADA"). Bryk worked as a nurse in the Behavioral Health Unit (the "BHU") at St. Joseph's Hospital (the "Hospital") for over twenty years. In 2009, Bryk started using a cane because she underwent hip surgery and had other health problems affecting her mobility. In October 2011, the Hospital requested that Bryk provide documentation from her doctor regarding her need for the cane. After confirming that Bryk had a medical need for the cane on a daily basis, the Hospital determined that her use of the cane within the BHU posed a risk of harm to her, the patients, and other employees. Based on that determination, the Hospital decided that Bryk could no longer work in her position at the BHU.

On October 21, 2011, the Hospital advised Bryk that she had thirty days to secure an alternate position or be terminated. Bryk was demoted shortly before the decision and had a Final Written Warning in her personnel file, both of which made her ineligible for transfer. The Hospital made an exception to its transfer policy and allowed Bryk to apply to other positions. The Hospital invited her to speak to Krista Sikes ("Sikes"), Team Resources Manager, if she had any questions. Bryk had to search for available positions through the Hospital's online application system and apply for available positions within the thirty days provided.

At the beginning of the thirty day period, Bryk went on a previously scheduled two-week vacation during which she did not apply to any positions. Upon returning, Bryk reviewed the Hospital's online application system which listed 700 available jobs. She admitted there were many nursing jobs available, but concluded that there were very few for which she could apply. She stated that she "could not safely work on medical/surgical

units" because she was not up-to-date on many of the newer procedures. Ultimately, Bryk determined that she would "not even try to apply" for many of the available nursing positions because she lacked the requisite skills, requirements and experience and she did not feel comfortable taking on certain roles and putting her license at risk. Bryk ultimately applied to a total of seven positions, three of which were at issue at trial: Education Specialist (114901), Care Transition Coordinator (111924) and Home Health Clinician II (114672).

Bryk and Sikes did not discuss the availability of specific positions. Bryk contacted Sikes to inform her that she applied to several positions, but that she had not heard back regarding any of them. Sikes did not identify a specific available position for Bryk or contact any hiring managers for any of the positions to which Bryk applied. But, Sikes did contact recruiters "to determine if she was a viable candidate, to determine where she was at in the process, to see what we could do to try to speed the process up." Bryk also contacted Patricia Teeuwen, ("Teeuwen") Director of Team Resources, regarding what she saw as a "lack of accommodation" and stated that "she [felt] an accommodation would be to find her another job." Teeuwen explained that the Hospital was not required to locate the job for her, which was consistent with Sikes's statement regarding her job search.

On November 21, 2011, the Hospital terminated Bryk's employment, but the three applications at issue remained "open" on the online application system. Ultimately, the Hospital determined that the Care Transition Coordinator position to which Bryk applied was incorrectly posted, although the Hospital had not informed Bryk. The Home Health Clinician II position for which Bryk applied was offered to another candidate prior to

Bryk's application to the open posting. The Hospital hired another candidate for the Education Specialist position after Bryk applied, stating that Bryk did not have the requisite experience needed for the position.

## II.   Jury Verdict

At the conclusion of a three-day trial the jury rendered a verdict as to the first two questions on the verdict form stating that they found from a preponderance of the evidence "[t]hat St. Joseph's Hospital failed to provide a reasonable accommodation by not assigning Ms. Bryk to either the Education Specialist (114901), Care Transition Coordinator (111924) or Home Health Clinician II (114672)[.]" But, the jury also found by a preponderance of the evidence that "[t]he Hospital made good faith efforts to identify and make a reasonable accommodation for Ms. Bryk[.]" The Court polled the jury. Neither party made specific objections to the jury's verdict before the Court excused the jury.

### *Discussion*

## I.   Renewed Motion for Judgment as a Matter of Law

The EEOC renews its request for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) arguing that the Hospital did not present sufficient evidence at trial to support the jury's finding of good faith, or undue hardship had the jury reached that issue.   In the alternative, it requests a new trial on the Hospital's good faith and undue burden defense. At trial, the EEOC timely moved for judgment as a matter of law at the close of the evidence and again after the jury verdict. The Court denied the motions.

"Under Rule 50, a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."

*Cleveland v. Home Shopping Network, Inc*., 369 F.3d 1189, 1192 (11th Cir. 2004). The court should review all of the evidence in the record, and draw all reasonable inferences in favor of the non-moving party. *Id*. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id*. (quoting *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id*. The Court should give credence to "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." *Akouri v. State of Florida Dept. of Transp.*, 408 F.3d 1338, 1343 (11th Cir. 2005) (internal quotation marks omitted).

The EEOC argues that the evidence in the record is insufficient to support the jury's finding that the Hospital made good faith efforts to identify and make a reasonable accommodation for Bryk. The EEOC argues that the ADA requires employers to reassign a disabled employee *without competition* as a matter of law. The EEOC further argues that even if reassignment with competition is a reasonable accommodation, there was insufficient evidence that the Hospital acted in good faith.

The EEOC also argues that the Hospital's alternative to reassignment cannot constitute good faith. It argues that the evidence demonstrated that the Hospital treated Bryk worse than non-disabled employees who were removed from their jobs through no fault of their own - those employees were given a recruiter to help identify new jobs. The EEOC further argues that the Hospital withheld critical information from Bryk during its

accommodation process and "set her up to fail" when it did not give her any preference or consideration due to her disability for the positions to which she applied, did not inform her that the Care Transition Coordinator position was posted in error or that the Home Health Clinician II position was filled the day before her application.

The Court rejected the EEOC's argument that the ADA mandates reassignment *without competition* as a matter of law. At the summary judgment stage, the Court concluded that "whether Bryk had to compete with others for the vacant positions is one factor, out of many, that the jury may consider regarding the reasonableness of the accommodation." The ADA does not require an employer to accommodate an employee in the manner she desires, so long as the accommodation it provides is reasonable. *Rabb v. Sch. Bd. of Orange Cnty.*, 590 Fed. Appx. 849, 850-51 (11th Cir. 2014) (citing *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir. 1997)). The Court is not persuaded that it should change its ruling on this issue.

Although some circuits have adopted the position urged by the EEOC,[1] the EEOC has not demonstrated that the Eleventh Circuit mandates a specific duty on employers to reassign *without competition. See Terrell v. USAir,* 132 F.3d 621, 627 (11th Cir. 1998) ("We cannot accept that Congress, in enacting the ADA, intended to grant preferential treatment for disabled workers."); *Mont-Ros v. City of W. Miami*, 111 F. Supp. 2d 1338,

---

[1] *See e.g., E.E.O.C. v. United Airlines, Inc.,* 693 F.3d 760, 761 (7th Cir. 2012) ("[T]he ADA does indeed mandate that an employer appoint employees with disabilities to vacant positions for which they are qualified, provided that such accommodations would be ordinarily reasonable and would not present an undue hardship to that employer.")

1358 (S.D. Fla. 2000) (quoting *Schwertfager v. City of Boynton Beach*, 42 F. Supp. 2d 1347, 1363 (S.D. Fla. 1999)) ("The ADA seeks only to provide qualified disabled employees with opportunities equal to their non-disabled co-workers; it does not demand that employers give disabled employees priority in hiring and reassignment over non-disabled employees.").

The Court concludes that the evidence at trial supports the jury's finding that the Hospital made good faith efforts to accommodate Bryk. The jury heard testimony that Bryk requested to use her cane within the BHU, and in response the Hospital requested and received documentation regarding her need for the cane, informed Bryk that it could not accommodate the cane use in the BHU and provided an alternative. The Hospital presented further evidence at trial that it: (1) waived the prohibition against applying for a job transfer due to her recent demotion and Final Written Warning, (2) assigned Sikes to assist Bryk by being available for questions and reaching out to recruiters to discuss the status of Bryk's applications, and (3) provided Bryk thirty days to identify and apply for jobs through its online application system. *See Mills v. Temple Univ*., 869 F. Supp. 2d 609, 624 (E.D. Pa. 2012) (citing *Taylor v. Phoenixville Sch. Dist*., 184 F.3d 296, 306–07 (3d Cir. 1999)) ("Employers … can demonstrate that they participated in the interactive process in good faith by showing, for example, that they met with the employee who requested the accommodation, they requested information about the employee's condition and limitations, they asked the employee what accommodation she desired, they considered the employee's request, and they discussed alternative accommodations if the requested accommodation was too burdensome.").

The EEOC argues that the Hospital should have done more for Bryk to assist her with locating a position to demonstrate good faith. Bryk's own testimony undermines the EEOC's position.   She insisted that she would not be comfortable with many of the open nursing positions since she had not performed specific functions in several years. She further testified that she only applied for seven jobs because she thought she was not qualified for many of the jobs available on the online application system. Sikes and Teeuwen spoke to Bryk regarding the process, but ultimately left it up to her to identify the jobs for which she was qualified, which is reasonable under the ADA. *See Terrell,* 132 F.3d at 626 ("A plaintiff does not satisfy her initial burden by simply naming a preferred accommodation-even one mentioned in the statute or regulations; she must show that the accommodation is 'reasonable' given her situation."); *Mengine v. Runyon*, 114 F.3d 415, 420 (3d Cir. 1997) ("[E]mployee has the duty to identify a vacant, funded position whose essential functions he is capable of performing.")

Further, the jury could have reasonably determined that the Hospital was not ultimately able to provide the accommodation because Bryk was partially responsible for the breakdown in the interactive process. She did not apply for any positions until November 11, 2011, three weeks after being notified she had thirty days to locate a new position. Under these specific factual circumstances, the jury could reasonably find that the Hospital engaged in good faith, although its efforts did not result in an accommodation. *See Loulseged v. Akzo Nobel Inc*., 178 F.3d 731, 736 (5th Cir. 1999) ("[A]n employer cannot be found to have violated the ADA when responsibility for the breakdown of the 'informal, interactive process' is traceable to the employee and not the employer.")

The EEOC also argues that the evidence at trial is insufficient to support a jury finding of undue hardship, had the jury reached that issue. The verdict form specifically instructed the jury not to consider the remaining issues if it answered in the affirmative on the good faith defense. The verdict form had a separate instruction specifically on the Hospital's undue burden defense which states that "[a]n accommodation would cause an 'undue hardship' if it would cause the Hospital significant difficulty or expense." If the EEOC wanted the jury to reach that specific interrogatory after hearing the verdict, it should have raised the issue at trial before the Court excused the jury. *See Sands v. Kawasaki Motors Corp. U.S.A.*, 513 Fed. Appx. 847, 857 (11th Cir. 2013) (holding that a party must object to inconsistent jury verdict before the jury is excused or it is waived whether it is a special or general verdict). Having upheld the jury verdict, the Court will not address the undue burden defense.

## II.    Motion to Alter Judgment

The Order of Judgment entered on April 6, 2015, provides that "judgment is entered in favor of Defendant, St. Joseph's Hospital and against Plaintiff, United States Equal Employment Opportunity Commission."   The Hospital, as the prevailing party, filed a Bill of Costs against the EEOC. The EEOC moves to alter the Order of Judgment to declare it as the prevailing party, under Rule 59(e) of the Federal Rules of Civil Procedure. Once altered, it argues that the judgment entitles Bryk to damages including equitable and injunctive relief, [2] back pay in the amount of $184,425.20, prejudgment interest in the

---

[2] The EEOC requested that the Court permanently enjoin the Hospital from "refusing to reassign, without competition, disabled individuals to positions for which they are qualified and in which they

amount of $11,594.98, and a tax penalty offset in the amount of $13,043.90. It also requests reinstatement, and alternatively, front pay in an amount to be determined upon further briefing.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). A litigant may not use Rule 59(e) "to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). However, an order of judgment may be altered or amended pursuant to Rule 59(e) where it is based on "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

42 U.S.C. § 1981a provides for the award of compensatory and punitive damages in cases brought pursuant to the ADA and explicitly provides that in cases involving reasonable accommodations:

> …damages may not be awarded under this section where the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

---

express an interest[.]" In addition, it requests an order requiring the Hospital to do the following: (1) revise its policies and implement annual live employee training on the ADA's obligation to reassign without competition, (2) mail a notice to its employees on a bi-annual basis for a period of three years regarding the Court's remedial order and the employees' right to contact anti-discrimination agencies and be free from discrimination and retaliation, and (3) monitor complaints regarding its failure to reassign without competition and provide bi-annual reports to the EEOC.

*Id*. at § 1981a(a)(3). The EEOC argues that based on its plain language, the good faith defense applies only to compensatory and punitive damages and, therefore does not absolve an employer from liability or other damages.

The EEOC directs the Court's attention to three assertions, which it argues supports its position. First, the Hospital asserted, in its legal section of the Joint Pretrial Statement, that "[i]n cases where an alleged discriminatory practice involves the provision of a reasonable accommodation, damages may not be awarded where the covered entity demonstrates good faith efforts . . . ." (citing 42 U.S.C. § 1981a(a)(3)). Second, the Hospital asserted in its Answer and Defenses that "[a]s a third defense, the Defendant would state damages are not available because the Defendant demonstrated good faith efforts, in consultation with Bryk to identify and make a reasonable accommodation that would provide Bryk with an equally effective opportunity and would not cause an undue hardship on the operation of the business." Third, the jury instructions assert that "[i]If you find by a preponderance of the evidence that the Hospital made good faith efforts to identify and make a reasonable accommodation for Ms. Bryk, then you have found that the Hospital established its affirmative defense, and *you will not decide the issue of Ms. Bryk's damages*." (Emphasis added).

The Hospital argues that the law is clear: no liability lies at all when the employer has engaged in good faith efforts and the employee's lack of participation results in a failure to accommodate. The Hospital relies on *Loulseged*, 178 F.3d at 736; and *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011); for the proposition that an employer avoids all liability when responsibility for the breakdown of the informal, interactive

process belongs to the employee. It further argues that although the jury made no specific finding that Bryk did not participate in the interactive process, there was evidence at trial from which the jury could have drawn that conclusion. Further, it argues that although §1981a discusses damages only, the ADA and the cases interpreting it ultimately determine the issues of general liability and damages under the ADA.

Several courts interpret § 1981a(a)(3) as absolving an employer only from compensatory and punitive damages. *See, e.g. Jacques v. DiMarzio, Inc.*, 200 F. Supp. 2d 151, 171 n. 2 (E.D.N.Y. 2002) ("The ADA provides an incentive for employers to engage in the interactive process in good faith by precluding compensatory and punitive damages….") *as supplemented* (May 6, 2002), *aff'd*, 386 F.3d 192 (2d Cir. 2004); *Salgado-Candelario v. Ericsson Caribbean, Inc.*, 614 F. Supp. 2d 151, 180 (D.P.R. 2008) (concluding that disputed facts as to whether employer acted in good faith to accommodate employee's disability precluded summary judgment on claim for damages and quoting §§ 1981a(a)(2) & (3)); *Howell v. Michelin Tire Corp.*, 860 F. Supp. 1488, 1493 (M.D. Ala. 1994) (same); *E.E.O.C. v. Convergys Customer Mgmt. Group, Inc.*, 491 F.3d 790, 797 (8th Cir. 2007) ("[A]n employer can avoid paying compensatory damages if the employer shows that it acted in good faith"). *See also* E.E.O.C., *Revised Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act*,[3] EEOC Notice 915.002 (Oct. 17, 2002), 2002 WL 31994335, at *34, n. 24, *available*

---

[3] "[A]lthough administrative interpretations of an Act by its enforcing agency are not controlling, they do constitute a body of experience and informed judgment to which [the court] ... may properly resort for guidance." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations marks omitted).

*at* http://www.eeoc.gov/policy/docs/accommodation.html ("[E]vidence that the employer engaged in an interactive process can demonstrate a 'good faith' effort which can protect an employer from having to pay punitive and certain compensatory damages.").

There is authority that implicitly supports the Hospital's contention that an employer who acts in good faith to provide a reasonable accommodation has a complete defense to liability. *See, e.g. Stewart,* 117 F.3d at 1287 ("Liability simply cannot arise under the ADA when an employer does not obstruct an informal interactive process; makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses; and the employee's actions cause a breakdown in the interactive process."); *Enica v. Principi,* 544 F.3d 328, 337 (1st Cir. 2008) ("[T]he process requires open communication by both parties, and an employer will not be held liable if it makes 'reasonable efforts both to communicate with the employee and provide accommodations based on the information it possessed....' ") (last alteration in original); *Welch v. United Parcel Serv., Inc.,* 871 F. Supp. 2d 164, 172 (E.D.N.Y. 2012) ("UPS proved by a preponderance of the evidence that it made a good faith effort to identify and provide the Plaintiff with a reasonable accommodation that would allow him to work within his restrictions. Therefore, the Defendant UPS was successful in defending the Plaintiff's failure to accommodate claims under the ADA, NYSHRL, and NYCHRL."); *Kortyna v. Lafayette Coll.,* 47 F. Supp. 3d 225, 243 n. 57 (E.D. Pa. Sept. 19, 2014) (citing 42 U.S.C. § 1981a(a)(3)) ("An employer's good faith effort to identify and provide an accommodation provides a complete statutory defense to damages.").

Additionally, in *Mengine*, the Third Circuit affirmed summary judgment in favor of the Postal Service even though it did not reassign the disabled employee because the employer "made reasonable efforts to assist [the employee], communicated with him in good faith, and did not act to impede his investigation[.]" 114 F.3d at 420. The court concluded that "no reasonable jury could find the Postal Service violated its duty." *Id*.

The Court concludes that a more literal reading of § 1981a(a)(3) is appropriate. An employer's defense based on good faith alone precludes only compensatory and punitive damages, not liability. Although the Hospital proceeded in this case as though a finding of good faith would absolve it of all liability, there is no evidence that the EEOC adopted that interpretation. The Hospital specifically quoted § 1981a(a)(3) as the basis for its good faith defense in the Joint Pretrial Statement. Further, the cases upon which the Hospital relies involve not only a showing of good faith on behalf of the employer, but also a lack of good faith participation by the employee, an issue the verdict form did not present to the jury.

The EEOC did present back pay as an issue for the jury as a legal remedy. That decision does not necessarily foreclose the Court's consideration of back pay as an equitable remedy, upon the jury's finding of good faith. Further, the Court rejects the Hospital's argument that an employee alleging a failure to accommodate claim must demonstrate "intentional discrimination," i.e. that the Hospital intended to discriminate against Bryk because of her disability, to recover back pay. *See E.E.O.C. v. Joe's Stone Crab, Inc.*, 15 F. Supp. 2d 1364, 1376 (S.D. Fla. 1998) (citing *Pettway v. Am. Cast Iron Pipe Co.*, 494 F.2d 211, 253 (5th Cir. 1974)) ("The fact that an employer may have lacked

specific intent to discriminate, or, put differently, was acting in good faith, is not a defense to a back pay award.").

While the Court believes a reasonable interpretation of the jury's verdict is that the jury believed Bryk did not use good faith efforts to engage in the interactive process, the jury was not asked to make that specific finding.   Therefore, the Court grants the EEOC's Motion for Alteration of Judgment and Equitable Relief to the extent that the Court will enter an Amended Final Judgment declaring the EEOC as the prevailing party, and grant equitable relief as detailed below.

### III.   Equitable Relief

The Court denies the EEOC's request for broad injunctive relief. The facts in this case do not support the requested injunctive relief for the same reasons the Court denied the EEOC's Motion for Judgment as a Matter of Law. *See Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1338 (11th Cir. 1999) ("[T]he trial court has 'broad discretion' in fashioning relief.").

The Court denies the EEOC's request for back pay and front pay. The Court finds that Bryk did not make a good faith effort to secure a position during the thirty day period, nor did she otherwise fully engage in the interactive process. As detailed earlier in this Order, the evidence at trial showed that Bryk knew she had thirty days to secure a position but delayed her job search for two weeks to go on vacation. Bryk's explanation for doing so includes the following: she wanted to celebrate her sister's sixtieth birthday, she planned the vacation far in advance, and she did not want to cut the vacation short in the event an

interview would be scheduled quickly. In the face of impending termination from a position she held for over twenty years, she acted unreasonably.

Although the jury did not make a specific finding regarding Bryk's failure to engage in the interactive process in good faith, the Court may make such a finding when fashioning an equitable remedy, and does make that finding accordingly. *See Farley*, 197 F.3d at 1338. *See also Porter v. Natsios*, 414 F.3d 13, 21 (D.C. Cir. 2005) *holding modified by Ponce v. Billington*, 679 F.3d 840 (D.C. Cir. 2012) ("During the remedial stage of the proceedings, the district court may make factual findings to determine appropriate 'make whole' relief under § 2000e–5(g)(1), as long as the findings are consistent with the jury verdict[.]") (internal citation omitted).

Although the Court cannot fashion equitable relief in contravention of a jury's finding that the Hospital ultimately failed to provide a reasonable accommodation, it can limit Bryk's recovery. The Court finds the facts in this case justify denial of back pay and front pay. The Hospital should not be responsible for back pay in an amount exceeding $100,000 where it acted in good faith. Due to no fault of the Hospital, Bryk's inaction contributed to a breakdown of the interactive process. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997) ("Liability simply cannot arise under the ADA when an employer does not obstruct an informal interactive process; makes reasonable efforts to communicate with the employee and provide accommodations based on the information it possesses; and the employee's actions cause a breakdown in the interactive process."). *See also Meyer v. Sec'y, U.S. Dept. of Health & Human Services*, 592 Fed. Appx. 786, 792 (11th Cir. 2014) *cert. denied sub nom. Meyer v. Burwell*, 135 S.

16

Ct. 2907 (2015) (upholding summary judgment in favor of employer and rejecting employee's argument that accommodation granted was unreasonable when employee failed to engage in the interactive process).

In this case, an award of back pay would frustrate the statutory purposes of eradicating discrimination and making the employee whole. *See Albermarle Paper Co. v. Moody*, 422 U.S. 405, 417-18 (1975) (holding that back pay should be denied only in unusual circumstances where the award would frustrate the statutory purpose of eradicating discrimination and making victims whole). *See also Williams v. City of Valdosta* 689 F.2d 964, 977 (11th Cir. 1982) ("[I]n this circuit, the law is clear that a plaintiff so discriminated against in the employment context is normally entitled to reinstatement and back pay, absent special circumstances warranting the denial of equitable relief."). An award of back pay under these specific facts would punish an employer for acting in good faith, and reward the employee for unreasonable delay in engaging in the interactive process. The Court also denies front pay concluding that an opportunity for reinstatement is the most appropriate means of making Bryk whole. *See Farley v. Nationwide Mut. Inc. Co.*, 197 F. 3d 1322, 1338 (11th Cir. 1999).

Although the EEOC requested reinstatement outright, in light of the Court's finding that Bryk's actions caused the breakdown in the interactive process, the Court concludes that Bryk is entitled to an *opportunity* for reinstatement. Therefore, Bryk must identify and apply for vacant positions at the Hospital. The Hospital shall reinstate Bryk if a position is found for which she is equally or better qualified than other applicants. The Court will permit the parties to define the specific parameters of this application process at mediation,

including the time period for the search and application, and the time for response by the Hospital.

It is therefore **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Renewed Motion for Judgment as a Matter of Law (Dkt. #183) is **DENIED**.

2.      Plaintiff EEOC's Rule 59 Motion for Alteration of Judgment and Equitable Relief (Dkt. #184) is **GRANTED** in part.

3.      The Clerk of Court shall enter an Amended Judgment naming the Equal Employment Opportunity Commission as the prevailing party.

4.      Defendant's Bill of Costs (Dkt. #174) is **DENIED** as moot.

5.      The Court will enter a separate order referring the parties to mediation.

6.      The Court reserves jurisdiction of the equitable remedy of reinstatement.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of August, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2723 183 189.docx