UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

       Plaintiff,

v.                        CASE No. 8:13-CV-2723-T-30TGW

ST. JOSEPH'S HOSPITAL, INC.,

       Defendant.

---

REPORT AND RECOMMENDATION

The plaintiff, filed this lawsuit on behalf of Leokadia Bryk ("Bryk"), alleging that pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq.*, as amended, the defendant failed to provide a reasonable accommodation for Bryk and did not reassign her to another position for which she was qualified. A jury found in favor of the plaintiff on its claim that the defendant did not provide Bryk a reasonable accommodation by not assigning her to a different position, but determined that the defendant did make good faith efforts to identify and make a reasonable accommodation for Bryk (Doc. 164). Judgment, therefore, was entered in favor for the

defendant (Doc. 173). Thereafter, the plaintiff filed a motion for the alteration of the judgment and for equitable relief (Doc. 184). The court granted the plaintiff's motion in part, determining that the plaintiff was the prevailing party based on the jury's finding that defendant failed to reassign Bryk to another position (Doc. 197). Thereafter, the judgment was amended and judgment was entered in favor of the plaintiff (Doc. 198).

The plaintiff has filed a Motion to Tax Costs and Supporting Memorandum of Law (Doc. 203). The matter was referred to me for a report and recommendation. The defendant has not filed any response to this motion, despite ample time to do so. Therefore, in light of the requirements of Local Rule 3.01(b), it will be assumed that the defendant has no objection to the requested relief. Having considered the materials submitted and the governing legal standards, I recommend that the plaintiff be awarded $17,691.24 in costs.

I.

The plaintiff seeks recovery of costs totaling $17,691.24, pursuant to Federal Rule of Civil Procedure 54(d) (Doc. 203, p. 17). These costs include $880 for service of summons, the complaint, deposition subpoenas, and trial subpoenas, $15,577.39 for transcripts, $258.56 for witness fees, and $975.29 for photocopies (Doc. 202; Doc. 203, pp. 5, 8-9, 14-15). Pursuant to Rule

54(d), F.R.Civ.P., a prevailing party is entitled to reimbursement of costs enumerated in 28 U.S.C. 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). Specifically, the taxable costs are (28 U.S.C. 1920):

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff's costs incurred in photocopying are compensable under §1920(4), which permits reimbursement for photocopying "necessarily obtained for use in the case." See United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000); Desisto College, Inc. v. Town of Howey-In-The-Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990). The plaintiff has

explained that it incurred photocopy costs for Bryk's medical records, discovery, and trial binders (Doc. 203, pp. 15-17). The defendant has not refuted these costs. Accordingly, I recommend that the plaintiff be reimbursed for $975.29 in copy costs.

Fees for service of process are compensable under 28 U.S.C. 1920(1). See United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d 600 at 624. Plaintiff's listed fees of $880.00 incurred for service of the summons, the complaint, subpoenas for depositions and trial subpoenas are recoverable (Doc. 203, p. 5).

Furthermore, the plaintiff seeks witness fees for four trial witnesses (id., pp. 14-15).[1] Witness fees are recoverable under §1920(3) and 28 U.S.C. 1821. Accordingly, 28 U.S.C. 1821 provides reimbursement for a witness's attendance fee and travel fees. Therefore, the plaintiff's listed witness fees of $258.56 are reimbursable.

Further, the deposition transcripts of the witnesses and court reporter fees are reimbursable under §1920(2). In this connection, the Eleventh Circuit has held that the costs for a deposition are taxable when the deposition

[1]Based on trial strategy, the plaintiff decided to not call Patricia Grapes, Nilsa Maya, and Cindy Martin to testify (Doc. 203, pp. 14-15).

was "necessarily obtained for use in the case." United States E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 621. The depositions were necessarily obtained for use in this case because the plaintiff relied upon the deposition testimony of seventeen witnesses, including its trial counsel, in its response to the defendant's summary judgment motion (Doc. 203, pp. 10-11).[2] See United States E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 621 (transcripts of depositions used to support a summary judgment motion are compensable under §1920(2)). The plaintiff also relied on various deposition transcripts for its trial preparation (Doc. 203, p. 11). See United States E.E.O.C. v. W&O, Inc., supra, 213 F.3d at 621 (transcripts of deponents on losing party's witness list are taxable).

The plaintiff also seeks transcript fees for various hearings and the trial that are recoverable under §1920(2) (Doc. 203, pp. 12-13). The plaintiff used a transcript of a hearing for preparing its Rule 72(a) objection and used other transcript hearings to either follow District Judge Moody's rulings or to prepare for the trial (id.). The plaintiff also relied on the trial transcript to prepare its post-trial motion seeking an amended verdict (id., pp.

---

[2]The plaintiff has reduced some of its deposition costs (See Doc. 203, p. 10, nn.4-5).

13-14).  Therefore, the plaintiff may recover $15,577.39 in transcript fees. Importantly, the defendant has not challenged any of these costs.

In summary, the plaintiff has shown that it is entitled to reimbursement of $975.29 in copy costs, $880.00 in service fees, $258.56 for witness fees, and $15,577.39 in transcript fees.  As indicated, the defendant has not refuted these costs.  Accordingly, I recommend that the plaintiff be awarded costs totaling $17,691.24.

## VI.

For the foregoing reasons, I recommend that the plaintiff be awarded $17,691.24 in costs pursuant to Rule 54(d), F.R.Civ.P.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER  ᘒ  , 2015

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge

on appeal any unobjected-to factual finding or legal conclusion the district
judge adopts from the Report and Recommendation.  11th Cir. R. 3-1.